Homer JAMES, Petitioner–Appellant,

v.

Jerry STERNES, Respondent–Appellee.

No. 02–1436.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 9, 2002.*

Decided Oct. 29, 2002.

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

## ORDER

Homer James wore prison attire for at least part of the first day of his murder trial. Mr. James believes that jurors wrongfully convicted him of murdering his roommate because they were prejudiced by seeing him in prison garb. After the Illinois appellate court affirmed his conviction and the state supreme court denied leave to appeal, Mr. James sought federal habeas corpus relief under 28 U.S.C. § 2254. The district court denied Mr. James' habeas corpus petition but issued a certificate of appealability "on the issue of James' alleged appearance before the jury in prison garb." *See* Minute Order of Feb. 7, 2002. Mr. James timely appealed, and we affirm.

The Illinois appellate court relied upon the following facts, which we presume are true, 28 U.S.C. § 2254(e)(1), when it affirmed Mr. James' conviction; *Mendiola v. Schomig,* 224 F.3d 589, 592–93 (7th Cir. 2000), *cert. denied,* 533 U.S. 949, 121 S.Ct. 2591, 150 L.Ed.2d 750 (2001). On the first day of his trial, Mr. James sat in the courtroom in prison attire. Jury selection had not yet begun, but potential jurors were seated in the courtroom. His attorney asked for a continuance. The state trial judge acknowledged that Mr. James was inappropriately dressed and perhaps had been caught unaware by the trial date. The court refused a continuance but called a recess and directed the sheriff to allow Mr. James' mother to bring dress clothes for him to wear. The state court record does not reveal whether Mr. James in fact changed clothes during the recess, but his attorney made no additional objections about his clothing.

■ Mr. James contended in his habeas corpus petition that his right to a fair trial was violated when prospective jurors saw him in prison attire. A state violates a defendant's 14th Amendment right to a fair trial by making him stand trial in prison garb because it undermines his presumption of innocence. *Estelle v. Williams,* 425 U.S. 501, 504–05, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *United States v. Arellano,* 137 F.3d 982, 986 (7th Cir. 1998). However, the right is violated only if the defendant is forced to appear in

prison attire; a defendant who makes no objection to wearing prison garb has no constitutional claim. *Estelle,* 425 U.S. at 510–12, 96 S.Ct. 1691; *Arellano,* 137 F.3d at 986.

In order to be entitled to habeas corpus relief, Mr. James must show that the state court's adjudication of his prison-attire claim was either contrary to or an unreasonable application of federal law as established by the Supreme Court, or was based upon an unreasonable determination of the facts. 28 U.S.C. § 2254(d); *Williams v. Davis,* 301 F.3d 625, 631 (7th Cir.2002). The state appellate court rejected Mr. James' prison-attire claim for two reasons: (1) the court held that the record before it did not adequately establish that he appeared in prison attire or that his attorney adequately objected; and (2) even if Mr. James was forced to wear prison attire, any error was harmless.

Mr. James submits that the state appellate court's decision ignores evidence that he objected to wearing prison attire. According to the state court record, Mr. James' counsel requested a continuance but did not state a reason. It was the trial court that raised the subject of Mr. James' prison attire, and although the court denied the request for a continuance, it did give Mr. James the opportunity to change into dress clothes. There is no record that Mr. James made any objection that he was prejudiced by his brief appearance in prison attire before potential jurors, or that he remained in prison attire following the recess. Therefore, the state appellate court did not unreasonably apply *Estelle* when it concluded that Mr. James had no constitutional claim because he failed to object adequately to wearing prison attire. *Estelle,* 425 U.S. at 510–12, 96 S.Ct. 1691.

Habeas corpus relief is also unwarranted because the appellate court was not unreasonable in concluding that any error at trial was harmless. A violation of a defendant's rights under *Estelle* is harmless when evidence of the defendant's guilt is overwhelming. *United States v. Martin,* 964 F.2d 714, 721 (7th Cir.1992). The state appellate court concluded that the evidence against Mr. James overwhelmingly supported his conviction. The evidence against Mr. James included testimony by his nephew (who was also the victim's brother) that he saw Mr. James grab a gun, load it, point it at the victim and shoot him at close range. An assistant state's attorney and police officers also testified against Mr. James, telling jurors that he confessed to them that he had pointed his gun at the victim, although he denied that he intended to fire the gun. Because of this overwhelming evidence, the state appellate court was not unreasonable when it determined that any error at trial with respect to a brief appearance in prison garb was harmless, and Mr. James is not entitled to habeas corpus relief.

AFFIRMED